**Opinion filed May 25, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00263-CR

_____

### DANIEL CHARLES JACKSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**
**Nolan County, Texas**
**Trial Court Cause No. 12369**

## M E M O R A N D U M   O P I N I O N

Daniel Charles Jackson, Appellant, was sentenced to a term of twenty years' confinement for the second-degree felony offense of manufacture or delivery of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (West 2017). Appellant raises a single issue on appeal, alleging that the trial court erred in denying his motion for continuance of the punishment phase of trial. We affirm.

*Factual and Procedural History*

In the instant case, the jury originally found Appellant guilty of three offenses related to the delivery and constructive transfer of heroin and the possession of methamphetamine. Appellant filed a direct appeal, and this court overruled all three issues raised. *See Jackson v. State*, No. 11-18-00308-CR, 2020 WL 6790937, at *6– 7 (Tex. App.—Eastland Nov. 19, 2020, pet. ref'd) (mem. op., not designated for publication). However, we also addressed unassigned error as related to the applicable range of punishment in trial court cause number 12369. *Id.* at *7. Appellant was convicted of a second-degree felony offense for delivering between one and four grams of heroin but was sentenced to a term of seventy-five years' confinement and a fine of $5,000—a punishment within the range of a first-degree felony. *Id.* Appellant's indictment for that cause number contained no enhancement allegations, and the record included no notice of enhancement filed by the State. *Id.* As such, we affirmed the trial court as to Appellant's conviction in trial court cause number 12369 but reversed and remanded as to punishment. *Id.*

On remand, Appellant filed a motion for continuance on November 1, 2021, and the trial court heard argument on the motion on November 2, 2021. The trial court denied the motion, and the punishment hearing followed immediately thereafter. The jury sentenced Appellant to twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine of $10,000. Appellant alleges that the trial court erred in denying his motion for continuance and requests a new sentencing trial. We affirm the judgment of the trial court.

*Standard of Review*

We review a trial court's denial of a motion for continuance under an abuse of discretion standard. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007); *see* TEX. CODE CRIM. PROC. ANN. art. 29.03 (West 2006) (criminal action may be

continued upon sufficient cause shown); CRIM. PROC. art. 29.06(6) (sufficiency of a motion for continuance is addressed to the sound discretion of the trial court and shall not be granted as a matter of right). To establish that the trial court committed reversible error, Appellant must show (1) that the trial court erred when it denied his motion and (2) that he was harmed by the denial of a continuance. *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010).

The first prong "requires a showing that the case made for delay was so convincing that no reasonable trial judge could conclude that scheduling and other considerations as well as fairness to the State outweighed the defendant's interest in delay of the trial." *Gonzales*, 304 S.W.3d at 843. The second prong requires a defendant to demonstrate that actual prejudice to his defense resulted from the trial court's ruling. *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996); *Heiselbetz v. State*, 906 S.W.2d 500, 511–12 (Tex. Crim. App. 1995). An appellant must demonstrate "with considerable specificity how [he] was harmed by the absence of more preparation time than he actually had," and this generally occurs at the hearing on a motion for new trial. *Gonzales*, 304 S.W.3d at 842–43.

*Analysis*

Appellant's counsel filed a motion for continuance and sworn affidavit on November 1, 2021. In the motion, counsel requested additional time to obtain Appellant's psychiatric records, which would purportedly show that Appellant had been diagnosed with schizophrenia when he was twelve years old and bipolar disorder when he was sixteen years old. Counsel argued that these records were the only available mitigation evidence for the November 2, 2021 punishment hearing— following the death of the mitigation witnesses from Appellant's initial punishment proceeding.

Appellant's counsel stated that he received information about Appellant's diagnoses approximately two months before the hearing and that he attempted to

3

obtain copies of Appellant's records beginning approximately six weeks before the hearing. During the hearing, however, Appellant indicated that—beginning in 2018—every time he wrote counsel a letter during the direct appeal process, he had informed counsel of his diagnoses. Counsel explained to the trial court that, even though he was Appellant's appellate counsel for his initial direct appeal, counsel did not focus on punishment issues, like mitigation, for that appeal. Counsel for both sides agreed in the hearing that these medical records were not included as mitigation evidence for Appellant's initial trial. Following argument by both sides, the trial court denied the motion.

After the trial court ruled on the motion, the punishment proceeding began. Appellant presented no evidence during the punishment hearing. The State presented seven exhibits, all detailing prior criminal offenses committed by Appellant—none of which was objected to by Appellant's counsel. The State argued that Appellant was a threat to the community and recommended the maximum punishment and fine be imposed. The State reasoned the maximum punishment was warranted because the instant conviction occurred with two other offenses—each of which resulted in a sentence of over seventy years' imprisonment. The jury assessed Appellant's punishment at the maximum, as recommended by the State. Appellant did not file a motion for new trial with respect to the retrial on punishment in this cause.

To show the trial court erred in denying the motion, Appellant must prove both error on the part of the trial court *and* harm suffered because of the absence of more preparation time. *See Gonzales*, 304 S.W.3d at 842–43. Here, Appellant clearly fails to meet the second prong of the test. The law requires the harm suffered by Appellant be demonstrated with considerable specificity. *Id.* Appellant identified no specific harm before the trial court, in a motion for new trial, or to this court in his appellate brief. Instead, Appellant merely reiterates on appeal that he

4

presented no mitigation evidence and that he believes the psychiatric records were *likely* to be powerful mitigating evidence. These assertions provide no indication that a delay would have produced such records at all—even now this court is unaware if the records exist. They have not been provided as exhibits for our review. Appellant provides no specificity as to the information allegedly contained in Appellant's medical records, nor does he explain how such medical conditions—if shown—would have been mitigating as to the jury's consideration of punishment for Appellant's conviction for manufacture or delivery of a controlled substance. Because Appellant did not demonstrate that he was harmed, it is unnecessary for us to consider the first prong, as failure to meet *both* parts of the test would preclude this court from finding reversible error on the part of the trial court. *See* TEX. R. APP. P. 47.1; *Gonzales*, 304 S.W.3d at 843. Accordingly, Appellant's sole issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.

W. BRUCE WILLIAMS
JUSTICE

May 25, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.